```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                 :
                                          :        **SUMMARY ORDER**
            -against-                     :        16-CR-550 (DLI)
                                          :
LEE ANDREW PITTS,                         :
                                          :
                        Defendant.        :
------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

Andrew Lee Pitts ("Defendant") is charged with attempted bank robbery pursuant to 18 U.S.C. § 2113(a). *See* Indictment, Dkt. Entry No. 11. On August 29, 2017, Defendant disclosed his intention to call at trial Dr. Simon Cole, Professor at the University of California, Irvine, Department of Criminology, as an expert in fingerprint methodologies. *See* Def.'s Ltr. dated Aug. 29, 2017, Dkt. Entry No. 30. On September 12, 2017, Defendant filed a revised expert disclosure that included additional information about Dr. Cole's proposed testimony and his *curriculum vitae*. *See* Def.'s Ltr. dated Sept. 12, 2017, Dkt. Entry No. 33. Defendant filed additional expert disclosures with respect to Dr. Cole on January 24, 2018. *See* Exhibit B to Resp. to Mot. to Suppress ("Jan. 24 Disclosure"), Dkt. Entry No. 43-2.

On February 23, 2018, the government moved to preclude Dr. Cole's testimony. Mot. to Exclude Expert Testimony of Simon A. Cole ("Mot."), Dkt. Entry No. 45. Defendant opposed the government's motion. Mem. in Opp'n to Mot. to Exclude Expert Testimony of Prof. Simon A. Cole ("Opp'n"), Dkt. Entry No. 47.

**BACKGROUND**

The Court assumes the parties' familiarity with the facts and procedural history of this motion.[1] The government contends that preclusion of Dr. Cole's testimony is necessary for three reasons: Dr. Cole (1) is "not a trained fingerprint examiner"; (2) "has not published peer-reviewed scientific articles on the topic of latent fingerprint evidence"; and (3) "has not conducted any validation research in the field." *See* Mot. at 1-2. As such, the government maintains that his testimony will not assist the trier of fact in understanding the evidence or determining a fact in issue. In opposition, Defendant argues that Dr. Cole's testimony is necessary "contrary evidence" that will assist the trier of fact, and that preclusion will violate Defendant's constitutional rights. *See generally*, Opp'n.[2] For the reasons set forth below, the government's motion is granted.

**DISCUSSION**

**I.  Legal Standard**

Rule 702 of the Federal Rules of Evidence ("FRE") includes a threshold requirement that an expert's testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). In determining whether to admit expert testimony, courts also consider an expert's qualifications and whether the proposed testimony is based on reliable data and methods. *Karavitis v. Makita U.S.A., Inc.*, 2018 WL 627491, at *1 (2d Cir. Jan. 31, 2018) (summary order) (citing *Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005)). The proponent of proposed expert testimony bears the burden of proof in establishing admissibility by

---

[1]  A more detailed recitation of the facts may be found in the Court's recent ruling on Defendant's motion to suppress the government's experts. *See* Memorandum & Order, Dkt. Entry No. 46.

[2]  Since Defendant's submission is not paginated, the page numbers referenced herein are those assigned by ECF.

a preponderance of the evidence. *Id.* (citing *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007)).

## II. Analysis

The government urges the Court to adopt the reasoning of several other courts that have precluded Dr. Cole's testimony. Mot. at 1-2 & n.1 (collecting cases precluding Dr. Cole's testimony); *See, e.g.*, *People v. Caradine*, 2012 WL 599252, at *15-16 (Cal. Ct. App. Feb. 23, 2012) (precluding Dr. Cole's testimony based on a lack of "training [and] expertise" and describing his testimony as merely "relating a bunch of things he has read"); *State v. Armstrong*, 920 So.2d 769, 770 (Fla. 2006) (noting that Dr. Cole's testimony was a "general critique of the predicate underlying fingerprinting as a method of identification" and would "not be probative as to whether the latent prints lifted from the scene match [the defendant's] fingerprints").

The government additionally contends that Dr. Cole's testimony will not assist the trier of fact. Mot. at 1-2. Specifically, the government points out that Dr. Cole's only disclosed opinion is that the government's expert's testimony "'exaggerates the probative value of the evidence because such testimony improperly purports to eliminate the probability that someone else might be the source of the latent print.'" Mot. at 2-3 (quoting Jan. 24 Disclosure). "Professor Cole fails to provide any analysis of why latent fingerprint evidence [in general] is so unreliable that it should not be submitted to the jury or, if such evidence can be reliable in some circumstances, what precisely the NYPD examiners did incorrectly in this case." *Id.* at 3. Dr. Cole is not expected to testify that the identification made by the government's expert in this case is unreliable or that the

examiners made a misidentification. *See Id.*[3] Therefore, the government argues Dr. Cole's opinion goes to the weight of the government's evidence, not its admissibility. *Id.* at 5.[4]

In opposition, Defendant contends that Dr. Cole's testimony is necessary "contrary evidence" that calls into question the reliability of fingerprint analysis. Opp'n at 1-2 (citing *Buie v. McAdory*, 341 F.3d 623, 625 (7th Cir. 2003)). He further argues that precluding Dr. Cole's testimony violates his due process and confrontation rights under the Fifth and Sixth Amendments to the United States Constitution. *Id.* at 2-3. (citing *Herrera v. Collins*, 506 U.S. 390, 398-99 (1993); *Coy v. Iowa*, 487 U.S. 1012, 1017-18 (1988); *Ake v. Okla.*, 470 U.S. 68 (1985); *Buie*, 341 F.3d at 625). Finally, Defendant argues that Rule 702's liberal standard for admissibility and Dr. Cole's status as a "skilled witness" who can assist the trier of fact weighs against preclusion. *Id.* at 2-5 (citing Fed. R. Evid. 702 Advisory Comm. Notes).

The Court is not convinced that Dr. Cole's testimony would be helpful to the trier of fact. The only opinion Defendant seeks to introduce is that fingerprint examiners "exaggerate" their results to the exclusion of others. *See* Mot. at 3 (citing Jan 24. Disclosure). However, the government has indicated that its experts will not testify to absolutely certain identification nor that the identification was to the exclusion of all others. Mem. of Law in Opp'n to Def.'s Mot. to Suppress, Dkt. Entry No. 43 at 18 (emphasis original) ("[N]either the government nor the NYPD

---

[3] Defendant's opposition brief asserts that "Mr. Pitts continues to challenge the identification made in this case as a possible misidentification." Opp'n at 1. However, Defendant's expert disclosures do not indicate that Dr. Cole will testify about a misidentification.

[4] The government also insinuates that the Court should preclude Dr. Cole's testimony because he has not published peer-reviewed scientific articles in the area of latent fingerprint analysis. Mot. at 1. The Court finds this argument particularly weak given that one of the government's sources in its opposition to Defendant's motion to suppress cites Dr. Cole as an authority. *See* Exhibit C to Mem. in Resp. to Def.'s Mot. to Suppress, Dkt. Entry No. 43-3, Peter E. Peterson, *et al.*, *Latent Prints: A Perspective on the State of the Science*, 11 Forensic Science Commc'ns 86, 112 (2009) (citing Simon A. Cole, *More Than Zero: Accounting for Error in Latent Fingerprint Identification*, 95 J. Crim. L. & Criminology 985 (2005) (hereinafter "More Than Zero")).

latent prints examiner intend to offer evidence to the jury that the identification . . . has been made with *absolute (100%) certainty* or that the identification . . . has been made *to the exclusion of all others*."). Thus, Defendant seeks admit Dr. Cole's testimony for the sole purpose of rebutting testimony the government does not seek to elicit. Accordingly, Dr. Cole's testimony will not assist the trier of fact to understand the evidence or determine a fact in issue. *See* Fed. R. Evid. 702.

Moreover, the substance of Dr. Cole's opinion largely appears in the reports and attachments cited in Defendant's motion to suppress the government's experts' opinion testimony. *See* Exhibit D to Declaration of Michael L. Brown II ("Brown Decl."), President's Council of Advisors on Science and Technology, *Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature-Comparison Methods* (2016) ("PCAST Report"), Dkt. Entry No. 29; Exhibit C to Brown Decl., National Research Council of the National Academies, *Strengthening Forensic Science in the United States: A Path Forward* (2009) ("NAS Report"), Dkt. Entry No. 28; Exhibit B to Brown Decl., More Than Zero, *supra* n.2, at 1034-49. For example, Dr. Cole's article More Than Zero contains a lengthy discussion about error rates in fingerprint analysis and the rhetoric in conveying those error rates (*See* More Than Zero at 1034-49), and the PCAST Report notes that jurors assume that error rates are much lower than studies reveal them to be (PCAST Report at 9-10 (noting that error rates can be as high as one in eighteen)). Defendant identifies no additional information or expertise that Dr. Cole's testimony provides beyond what is in these articles and does not explain why cross-examination of the government's experts using these reports would be insufficient.

The Court also finds Defendant's constitutional arguments unavailing. It is beyond question that the Defendant enjoys the constitutional rights of due process and the presentation of evidence on his behalf. However, he is not entitled to present evidence through an expert that the

Court finds will not be helpful to the trier of fact.  The instant decision in no way deprives Defendant of the right to cross-examine the government's experts on error rates and the reliability of fingerprint analysis using any evidence that is admissible at trial, including the above-referenced reports.  *See* Mot. at 5 ("The defendant is also free to use materials from the President's Council of Advisors on Science and Technology and the National Academy of Sciences, among other sources, to cross-examine the experts.").

Finally, while Defendant correctly notes that Rule 702 permits experts to testify based solely on their knowledge or experience (*Id.* at 3-4 (quoting Fed. R. Evid. 702, Advisory Comm. Note)), the Court need not address Dr. Cole's qualifications[5] as an expert, since his testimony is would not be helpful to the trier of fact.  Accordingly, the government's motion to preclude Dr. Cole's testimony is granted.

## **CONCLUSION**

For the reasons set forth above, the government's motion is granted.

SO ORDERED.

Dated: Brooklyn, New York
       March 2, 2018

/s/
DORA L. IRIZARRY
Chief Judge

---

[5] It is unclear from Defendant's motion the extent of Dr. Cole's experience.  *See* Mot. at 3 ("Dr. Cole and [*sic*] researched finger print [*sic*] evidence for the past X decades.").  It is unknown what number of decades Defendant is referring to, or if he means to use a Roman numeral to indicate ten (10) decades.